

FILED & JUDGMENT ENTERED
David E. Weich

May 03 2007

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| In re:<br><br>JOSEPH GREGORY JEMSEK,<br><br>                         Debtor. | Case No. 06-31986<br><br>Chapter 11 |
| JOSEPH STANLY JABKIEWICZ administrator of the Estate of KATHLEEN MARIE JABKIEWICZ, AND JOSEPH STANLY JABKIEWICZ, Individually, and as Guardian Ad Litem for Minors MATTHEW JOSEPH JABKIEWICZ and Michael STEVEN JABKIEWICZ,<br><br>                         Plaintiffs,<br><br>vs.<br><br>JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and THE JEMSEK CLINIC, P.A. | Adversary Proceeding No. 07-3019 |

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFFS' MOTION FOR RELIEF FROM STAY;
MOTION FOR MANDATORY OR DISCRETIONARY ABSTENTION;
MOTION FOR REMAND; MOTION FOR WITHDRAWAL OF REFERENCE**

This Court, having conducted a hearing on the *Motion for Relief from Stay; Motion for Mandatory or Discretionary Abstention; Motion for Remand; Motion for Withdrawal of Reference* (the "Motion") [Docket Nos. 7 & 8][1] filed on behalf of the plaintiffs ("Plaintiffs") in the above-referenced adversary proceeding (the "Adversary Proceeding") and an objection the Motion (the "Objection") filed on behalf of Joseph G. Jemsek, the debtor in the above-referenced bankruptcy case and a defendant in the Adversary Proceeding (the "Debtor"), makes the following report and recommendation (the "Report and Recommendation") to the United States District Court for the Western District of North Carolina (the "District Court"). A proposed order based on this Report and Recommendation is attached as Exhibit A.

## BACKGROUND AND PROCEDURAL HISTORY

1. The Debtor filed his voluntary petition for relief pursuant to chapter 11 of the United States Bankruptcy Code on November 20, 2006 (the "Petition Date").

2. The Debtor continues to manage his assets and affairs as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed in this case.

3. On the Petition Date, a civil suit was pending against the Debtor in Mecklenburg County Superior Court captioned *Joseph Stanly Jabkiewicz Administrator of the Estate of Kathleen Marie Jabkiewicz, and Joseph Stanly Jabkiewicz, individually, and as Guardian ad litem for minors Matthew Joseph Jabkiewicz and Michael Steven Jabkiewicz v. Joseph G.*

---

[1] Duplicate copies of the Motion were filed in this adversary proceeding on March 12 and March 19, 2007 and appear as Docket Nos. 7 and 8 respectively. A duplicate of the Motion also was filed in the base bankruptcy case on March 14, 2007 and appears there as Docket No. 117. Because these three motions are identical, this Report and Recommendation is made as to each of them.

*Jemsek, M.D., Christie Roeske, R.N.P., and The Jemsek Clinic, P.A.*, case number 05-CVS-1118 (the "Jabkiewicz Suit").

3. The Jemsek Clinic, P.A. (the "Jemsek Clinic"), a co-defendant with the Debtor in the Jabkiewicz Suit, having filed a voluntary petition for chapter 11 relief on October 25, 2006, is also a bankruptcy debtor in a case pending before this court, case number 06-31766.

4. The Jabkiewicz Suit seeks damages from the Debtor, the Jemsek Clinic, and Christie Roeske,[2] a nurse employed by the Jemsek Clinic, based on allegations of personal injury and wrongful death relative to treatment provided to Kathleen Marie Jabkiewicz, and allegations of negligent infliction of emotional harm as to Joseph Stanly Jabkiewicz, Matthew Joseph Jabkiewicz, and Michael Steven Jabkiewicz. Plaintiffs in the Jabkiewicz Suit request a jury trial.

5. On February 2, 2007, Plaintiffs filed a proof of claim in the Debtor's case based on the Jabkiewicz Suit. On February 6, 2007, Plaintiffs filed an amendment to their original proof of claim in which they allege an amount due of $15,000,000.00, which amended claim appears as Claim No. 17 on the claims register in the Debtor's case.

6. On February 16, 2007, the Debtor removed the Jabkiewicz Suit to this court pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 ("Rule 9027"), initiating the Adversary Proceeding.

7. The Debtor's Notice of Removal stated that the Adversary Proceeding is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) & (O), and that the Debtor consented to entry of final orders or judgment by this Court. Plaintiffs did not file a response to the Notice of Removal as provided for in Rule 9027(e)(3).

8. The Motion was first filed on March 12, 2007. The Motion requested alternative

---

[2] The Debtor, the Jemsek Clinic, and Ms. Roeske are represented in the Jabkiewicz Suit by James P. Cooney. At the hearing on this matter on April 3, 2007, Mr. Cooney stated that Ms. Roeske would consent to the relief recommended herein.

forms of relief including relief from the automatic stay, mandatory abstention, discretionary abstention, remand, and withdrawal of the reference to District Court. The Objection was filed on March 29, 2007.

9. On March 30, 2007, Plaintiffs filed a *Complaint Objecting to Dischargeability of Debt*, initiating adversary proceeding 07-3035 (the "Dischargeability Action"). The complaint in the Dischargeability Action alleges that Plaintiffs' claim in the Debtor's case is non-dischargeable because the Debtor's "actions as alleged [in the Adversary Proceeding] may constitute willful and malicious injury to the deceased, Mrs. Jabkiewicz." *(Compl., Dischargeability Action, ¶ 21.)*

10. The Court conducted a hearing on the Motion and the Objection on April 3, 2007.

## **JURISDICTION**

11. The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(c) and 1334(b) because the Adversary Proceeding is either core and/ or related to a case under title 11. §§ 157(c); 1334(b).

12. Proceedings involving the liquidation of personal injury tort or wrongful death claims are designated as non-core proceedings. 28 U.S.C. § 157(b)(2)(B) & (O). Section 157(b)(5) provides that the district court where the bankruptcy case is pending shall determine which court will hear a personal injury or wrongful death claim. 28 U.S.C. § 157(b)(5); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1994), *cert. denied*, 479 U.S. 876 (1986); *Stokes v. Southeast Hotel Properties, Ltd*, 877 F.Supp. 986, 997 (W.D.N.C. 1994). Pursuant to the local rules of this Court, "motions to abstain in cases involving claims within § 157(b)(5) shall be directed to the United States District Court." Local Bankr. R. 5011-1(c).

13. While original jurisdiction over bankruptcy cases is granted to federal district

courts, as a matter of procedure, district courts may refer "any or all" bankruptcy cases or proceedings to bankruptcy courts. 28 U.S.C. §§ 1334 and 157(a). A district court may withdraw the reference to a bankruptcy court "in whole or in part . . . on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The burden of showing that withdrawal of the reference is either required or should be permitted pursuant to the statute rests on the movant. *In re U.S. Airways Group, Inc*., 296 B.R. 673, 677 (E.D.Va. 2003) (citations omitted).

## **REPORT AND RECOMMENDATION**

14. The Adversary Proceeding falls under the procedural umbrella of § 157(b)(5); therefore, determination of where it should be heard is a matter for the District Court. Further, because the Adversary Proceeding alleges claims for personal injury and wrongful death, Plaintiffs may be entitled to a jury trial pursuant to 28 U.S.C. § 1411(a). Accordingly, this Court recommends to the District Court that it withdraw the reference of the Adversary Proceeding.

15. Although the Motion requests relief from stay, abstention and remand, this Court recommends that such relief not be granted. It is true that the Jabkiewicz Suit is based on state law claims of medical malpractice, and that there is no diversity of citizenship among the parties. Nevertheless, viewing the Adversary Proceeding in the wider context of the Debtor's case, the Court has identified several factors that support its recommendation that the District Court withdraw its reference of the Adversary Proceeding. Those reasons are enumerated here.

16. First, § 157(b)(5) contemplates that the District Court is the appropriate forum for the Adversary Proceeding. Essentially, once a debtor has removed a case,

> the plaintiff may petition the district court to do one of three things, (1) preside over the personal injury action, (2) transfer the action for resolution in the district court in which the claim arose, or (3) abstain from hearing the action in favor of the state court pursuant to 28 U.S.C. §

1334(c)(1).

*Stokes*, 877 F.Supp. at 997 (citation omitted).  There are no other forum-selection options available in personal injury or wrongful death claims against a bankruptcy debtor.  *Id.* at 998.  Therefore, the district court possesses the power to modify a plaintiff's choice of venue based on the existence of the bankruptcy case.  *Id.*  Section 157(b)(5) reflects the "very real considerations that support a centralization of the administration of the bankruptcy estate in order to develop a reasonable plan of reorganization for the debtor which will work a rehabilitation of the debtor and, at the same time, assure fair and non-preferential resolution of other claims."  *Id.*  Further, mandatory abstention does not apply to personal injury or wrongful death claims.  28 U.S.C. § 157(b)(4).

17.     Here, the Debtor and the Jemsek Clinic are attempting to reorganize their affairs pursuant to chapter 11.  The relief Plaintiffs request in the Adversary Proceeding is not limited to insurance proceeds but implicates the property of the Debtor's estate and the estate of the Jemsek Clinic.  Any finding of liability on the Debtor's part will impact his ability to reorganize in chapter 11, and the same is true for the Jemsek Clinic.  As in the *A.H. Robins* case, the "single focal point" for the Debtor here is the development of a reasonable plan of reorganization that will work a rehabilitation of the Debtor and at the same time assure fair and non-preferential resolution of the personal injury claims.  788 F.2d at 1011.   While remand of this action is an option for the Court, these considerations support centralizing the Debtor's case as opposed to remanding the Jabkiewicz Suit to state court or granting Plaintiffs relief from stay.

18.     Second, Plaintiffs have requested a jury trial, but they also have filed a proof of claim in the Debtor's bankruptcy case and the Dischargeability Action in relation to that claim.  The Supreme Court has held that, by filing a claim against the bankruptcy estate, a creditor

submits itself to the equitable jurisdiction of the bankruptcy court and, therefore, does not have a Seventh Amendment right to a jury trial. *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990), *reh'g denied*, 498 U.S. 1043 (1991) (holding that holders of thrift and passbook savings accounts who filed proofs of claim against debtor non-bank financial institutions had waived right to jury trial). The Fourth Circuit applied the *Langenkamp* holding in *Official Committee of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.)*, 13 F.3d 122 (1993) and held that, to fall within the rule enunciated by *Langenkamp*, the creditor must have voluntarily filed a claim in the debtor's case. 13 F.3d at 126. However, 28 U.S.C. § 1411(a) provides that the Bankruptcy Code does not affect any right to a jury trial that a litigant may have with regard to personal injury or wrongful death claims. 28 U.S.C. § 1411(a). Thus, it appears that Congress "envisioned the different treatment of personal injury tort claimants from other types of creditors when it enacted 28 U.S.C. § 157(b)(2)(B), 28 U.S.C. § 157(b)(5), and 28 U.S.C. § 1411(a)." *In re G-I Holdings, Inc*., 323 B.R. 583, 605 n.30 (Bankr. D.N.J. 2005).

19.     Given the interplay between the statutes cited here and Supreme Court and Fourth Circuit precedent, the decision as to whether Plaintiffs in this case may have the jury trial they have requested, despite having voluntarily filed a proof of claim and the Dischargeability Action, should be made by the District Court. This factor favors withdrawal of the reference of the Adversary Proceeding.

20.     Third, Plaintiffs filed the Dischargeability Action requesting that any damages they are awarded in the Adversary Proceeding not be subject to discharge in the Debtor's bankruptcy case based on the provision in § 523(a)(6) of the Bankruptcy Code relative to debts for "willful and malicious injury by the debtor to another entity." However, the claims asserted in the Adversary Proceeding are grounded in negligence and do not include allegations of willful

7

Case 3:07-cv-00190-GCM   Document 1-1   Filed 05/04/07   Page 7 of 12

or malicious injury to Plaintiffs. Because the outcome of the Adversary Proceeding will inform the determination of the Dischargeability Action, this factor weighs in favor of the District Court trying the Adversary Proceeding and possibly the Dischargeability Action.

21. Fourth, the Court is mindful of the burdens the Debtor and the Jemsek Clinic face in defending against the Adversary Proceeding and other pending matters. *See A.H. Robins*, 788 F.2d at 1012-13. There are other pending proceedings against the Debtor and the Jemsek Clinic, all of which have been removed to this Court and all of which will remain either before this Court or the District Court. The expense of discovery proceedings and trial could consume the Debtor's assets and exhaust his resources. If the Jabkiewicz Suit is tried in the District Court, discovery for this case and others the Debtor and the Jemsek Clinic will be defending can be coordinated, and any common issues among the cases can receive uniform treatment. Accordingly, it is appropriate that the Adversary Proceeding be tried in the District Court.

22. Finally, in response to Plaintiffs' concerns regarding a potential delay in the trial if the Adversary Proceeding is heard in the District Court, this Court notes that past delays were due to an extraordinary caseload and events such as the untimely death of a District Court judge. With the recent appointments to the District Court bench, the District Court is in a better position than it has ever been to timely adjudicate the cases before it. This fact should allay any fear that the District Court cannot hear the Adversary Proceeding promptly.

23. In sum, it appears that withdrawal of the reference of the Adversary Proceeding would be appropriate. For the reasons outlined above, the Court recommends that the District Court enter an Order:

1) Denying the Motion in part and granting the Motion in part;

2) Holding that the Adversary Proceeding shall be tried in the District Court; and

3) Withdrawing the reference of the Adversary Proceeding.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re:<br><br>JOSEPH GREGORY JEMSEK,<br><br>        Debtor. | Case No. 06-31986<br><br>Chapter 11 |
| JOSEPH STANLY JABKIEWICZ administrator of the Estate of KATHLEEN MARIE JABKIEWICZ, AND JOSEPH STANLY JABKIEWICZ, Individually, and as Guardian Ad Litem for Minors MATTHEW JOSEPH JABKIEWICZ and Michael STEVEN JABKIEWICZ,<br><br>        Plaintiffs,<br><br>vs.<br><br>JOSEPH G. JEMSEK, M.D., CHRISTIE ROESKE, R.N.P., and<br>THE JEMSEK CLINIC, P.A. | Adversary Proceeding No. 07-3019 |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF BANKRUPTCY COURT**

Upon consideration of the *Report and Recommendation Regarding Plaintiffs' Motion for Relief from Stay; Motion for Mandatory or Discretionary Abstention; Motion for Remand; Motion for Withdrawal Of Reference* (the "Report and Recommendation") the Court has determined that the findings and conclusions outlined in the Report and Recommendation should

be adopted by this Court.

    IT IS, THEREFORE, ORDERED that:

    1)    The Motion is DENIED in part and GRANTED in part;

    2)    The Bankruptcy Court shall handle all pre-trial matters in this proceeding; and

    3)    When this proceeding is ready for trial, the reference shall be withdrawn.

This is the __ day of May, 2007.

                                                                         _____
                                                                         United States District Judge